GERTRUDE S. KRAMER, Respondent, *v.* EDWIN G. KRAMER, Appellant.

*Deposition — where part is competent and part incompetent the latter will be excluded, although the former is read — evidence as to what was said when a note was transferred in the absence of the maker thereof is hearsay.*

The fact that a party, at whose instance a deposition is taken, reads in evidence upon the trial a portion of the deposition which is material and competent, does not, under section 883 of the Code of Civil Procedure, entitle the opposing party to read portions of the deposition which were omitted by the other party, if such portions are incompetent and are duly objected to.

In an action upon a promissory note, of which the defendant was the maker and the plaintiff the payee, it appeared that the plaintiff married the defendant's brother in November, 1898, and that prior to, or at the time of, her marriage her husband agreed to give her the note in suit, and that on May 6, 1901, he handed her such note. There was no consideration for the note moving from the plaintiff to the defendant.

*Held,* that evidence by the plaintiff to the effect that her husband had told her in 1898, in the absence of the defendant, that the defendant was indebted to him at the time the note was given, was inadmissible, on the ground that it was hearsay, and on the further ground that it did not establish that the indebtedness was in existence at the time the alleged statement was made, or, if it was, that such indebtedness was in existence on May 6, 1901.

APPEAL by the defendant, Edwin G. Kramer, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 5th day of May, 1902, upon the verdict of a jury rendered by direction of the court.

*Daniel P. Hays,* for the appellant.

*William W. MacFarland,* for the respondent.

McLAUGHLIN, J.:

This action was brought to recover the sum of $12,000, the amount of a promissory note, of which the plaintiff is the payee and the defendant the maker.

The answer, among other things, denied that there was any consideration for the note, or that the same was ever delivered to the plaintiff, and these were the two principal questions litigated at the trial. It there appeared that the plaintiff married Alfred E. Kramer, a brother of the defendant, in November, 1898; that prior to or at the time of her marriage, Alfred E. agreed to give to her the note in suit, and on May 6, 1901, he handed her an envelope upon which he had written the following:

"NEW YORK CITY, *May 6th,* 1901.

"This is the personal property of Gertrude Short Kramer, to be delivered to her or myself only in case of necessity.

"A. E. K."

In August following she opened the envelope and found therein the note in suit, which she produced at the trial and then rested.

It also appeared that the plaintiff's deposition was taken at the instance of the defendant prior to the trial, and after the plaintiff had rested, defendant read certain portions of it, which established the fact that there was no consideration, whatever, passing between the plaintiff and the maker, and thereupon the defendant rested. The plaintiff, in rebuttal, called no witnesses but sought to read portions of the deposition which had been omitted by the defendant, which were statements of the plaintiff as to what her husband had told her at the time the note in suit was given, and which were to the effect that the maker was indebted to him. These questions were objected to on various grounds, and among others, that it was hearsay and not binding upon the defendant. The objections were overruled and exceptions taken.

We are of the opinion that the exceptions were well taken. Section 883 of the Code of Civil Procedure provides that a deposition taken as this one was, when read in evidence, has the same effect and no other as the oral testimony of the witness would have, and an objection to the relevancy or substantial competency of a question put or answer given may be made as if the witness were then personally examined, and without being noted on the deposition. A deposition, therefore, taken under this section, has the same effect and no other that the oral testimony of the witness would have, and the fact that a party at whose instance it was taken reads a portion of the testimony given which is material and competent as bearing upon the issue, does not permit the opposing party to read the portions omitted if they are incompetent and duly objected to. This was distinctly held in *Gellatly* v. *Lowery* (6 Bosw. 113), where it was said : " A party who has caused a deposition to be taken on his own behalf does not necessarily, by offering and reading parts of it in evidence, bind himself to read it all * * * nor make answers which are irrelevant or incompetent, admissible." The precise point here presented was passed upon in *Whitlatch* v. *Fidelity & Casualty Co.* (21 App. Div. 128). There, counsel for plaintiff after reading a deposition, insisted upon omitting a part of an answer. Counsel for the defendant objected to leaving this part of the answer out and urged that all or none of the answer must be read, and thereupon the court directed the counsel for the plaintiff to read all or none of the answer, to which plaintiff excepted,

and it was held that the exception was well taken. Mr. Justice Hatch, delivering the opinion of the court, said : "That part of the answer which was objected to did not state any fact. * * * It was incompetent as testimony and could not have been read by the defendant, if omitted by the plaintiff, unless the latter consented."

The fact that the deposition was taken at the suggestion of the defendant and that incompetent testimony was given which rendered the same inadmissible as evidence under the rules relating thereto, did not estop the defendant when such testimony was offered in evidence from objecting to it. Otherwise there is no force or effect to the section of the Code above referred to. What the plaintiff's husband said to her as to the defendant being indebted to him in the absence of the defendant, or some admission on his part, is clearly hearsay, not binding upon the defendant and ought not to have been received. Nor did this evidence, if received, tend to show that there was a consideration for the note. The plaintiff had testified that there was no consideration passing between her and the defendant, and all that the deposition tended to establish, as bearing on that subject, was that her husband had said, in 1898, that his brother owed him this amount. But that fell far short of establishing the fact either that the brother did owe him that amount at that time, or if he did, that he was indebted to him in 1901, the time the note was given. All it established was that the husband said so, but no one would seriously contend that upon that statement alone an action could be successfully maintained against the defendant.

We are of the opinion, therefore, that the judgment appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

Van Brunt, P. J., Patterson, O'Brien and Laughlin, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.