PERRIN v. HARRINGTON et al.

(Supreme Court, Appellate Division, Fourth Department. July 11, 1911.)

1. DEEDS (§ 136*)—ESTATE CREATED—TENANCY IN COMMON.

The only feature in common of a tenancy by the entirety and a joint tenancy being the right of survivorship, a deed to two described as "husband and wife as tenants of the entireties," when they were not married, so that tenancy by the entirety could not exist, created a tenancy in common under Real Property Law (Consol. Laws 1909, c. 50) § 66, declaring that a deed to two in their own right creates a tenancy in common unless expressly declared to be in joint tenancy.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 431–433; Dec. Dig. § 136.*]

2. TENANCY IN COMMON (§ 12*)—AMOUNT OF RESPECTIVE SHARES OF COTEN-
ANTS.

　　The respective shares of tenant's in common under a deed to them is
in the proportion of two to one, that being the proportion in which they
furnished the money for the cash payment, and the remainder of the pur-
chase price being made up of an existing mortgage on the premises and a
bond and mortgage given by them.

　　[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. § 24;
Dec. Dig. § 12.*]

Appeal from Special Term, Monroe County.

Action by Chillingsworth F. Perrin against Irving Harrington, im-
pleaded. From an interlocutory judgment for plaintiff on a deci-
sion after trial, said defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

David N. Salisbury and Salisbury & Agate, for appellant.
Delbert C. Hebbard and Smith & Hebbard, for respondent.

ROBSON, J. Plaintiff's action is in partition; and his interest in
the premises in question is put in issue by defendant's answer. Plain-
tiff is the father and sole heir at law of Louise Brown, also known
as Louise Harrington, who died intestate July 7, 1909. Prior to her
decease she had lived with and passed as the wife of defendant Har-
rington for something more than a year, but they had never been
married. She had been married some years before that to one Brown,
with whom she lived only a short time. No divorce dissolving that
marriage was ever had; and, so far as appears, she remained his wife
up to the date of her death. On or about May 3, 1909, the premises,
partition of which is sought in this action, were conveyed to the de-
fendant and the intestate. The grantees in the deed of conveyance
are named and described as follows:

"Irving Harrington and Louise Harrington, husband and wife as tenants
of the entirety, of Rochester in said county and state parties of the second
part."

At the time this deed was delivered $3,000 of the purchase price
of $6,400 was paid in cash. The remainder of the purchase price
was made up of $2,200, the amount of a mortgage already a lien on
the premises, and a bond and mortgage of the grantees securing the
payment of $1,200. Harrington furnished $1,000 of the cash pay-
ment; and plaintiff $2,000 thereof for his daughter the other gran-
tee. The trial court has held that the grantees in this deed on its
delivery became seised of the premises as tenants in common in the
shares proportionate to the several amounts contributed by, or for
them, the defendant Harrington one-third and plaintiff's daughter
two-thirds, and that on her death her share and interest therein de-
scended to plaintiff as her sole heir at law. Defendant insists that this
decision is erroneous. First, because he, on the death of intestate, as
surviving grantee was entitled to the whole fee; second, if this be un-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
　　130 N.Y.S.—60

tenable, that he was as tenant in common entitled to an equal share therein.

[1] It must be conceded that the effect of the deed, except for the description of the grantees as "husband and wife as tenants of the entirety," would have been that the grantees would take as tenants in common. Section 66 of real property law (chapter 50 of Consolidated Laws of 1909). This section declares in effect that every conveyance of real property to two or more persons in their own right creates a tenancy in common, unless expressly declared to be in joint tenancy. "Joint tenancy whether in land or personalty is not favored either in law or equity, and it will never be inferred where any other deduction can be fairly made. In consequence survivorship which is an incident to joint tenancy is seldom presumed." De Puy v. Stevens, 37 App. Div. 289, 294, 55 N. Y. Supp. 810. But the intention to create a tenancy other than a tenancy in common must be given effect, if such intention can be gathered from the whole instrument, and is consistent with the rules of law. Real Property Law, § 240, subd. 3; Miner v. Brown, 133 N. Y. 308, 31 N. E. 24; Coleman v. Beach, 97 N. Y. 545. In this deed the intention that the grantees are to take as husband and wife as tenants by the entirety does appear. But they could not take in that tenancy, because they were not and could not under existing conditions ever legally become husband and wife. Such a tenancy can exist only between a lawful husband and wife, and cannot exist between two people under any other circumstances. It is a tenancy in its nature dependent upon the existence of the marital relation at the time of the transfer. Stelz v. Shreck, 128 N. Y. 263, 28 N. E. 510, 13 L. R. A. 325, 26 Am. St. Rep. 475; Jooss v. Fey, 129 N. Y. 17, 29 N. E. 136. . In the latter case it is said:

"This estate of tenancy by the entirety has but one feature in common with that of joint tenancy, and that is in the right of survivorship. In all other essential respects they differ. The estate which vests by virtue of a grant jointly to husband and wife is peculiarly the result or product of the marriage relation, and depends for its continuance upon the unity of man and wife."

The deed clearly and in so many words expressing the intention of the grantees to take and hold as tenants by the entirety, and, it being impossible for them to take in that tenancy, it is not to be presumed that they intended to take in some other tenancy which does not give effect to the intention. Non constat, if they had been advised that they could not take as husband and wife, they would have chosen to take as tenants in common rather than as joint tenants, or by conveyance to them as tenants in common or joint tenants during their joint lives with remainder to the survivor. When we enter upon the field of conjecture, the point at which we find the parties would have ultimately landed cannot be determined. Their statement as to their relation being false and the tenancy expressed being necessarily based upon this false statement, or assumption of fact, the expression of that intention should be disregarded and the tenancy created by the conveyance determined as though it had been omitted therefrom. Attention is called to the case of Messing v. Messing, 64 App. Div. 125, 71 N. Y. Supp. 717, decided by this court as an authority that

a tenancy by the entirety may exist between two parties who are not husband and wife. It is true that there are some expressions in the opinion which, unless the facts involved in that case are borne in mind, might seem to support that view. But the court was then considering the effect of words indicating the intention to provide for a right of survivorship in the grantees, and the expressions in the opinion as to the rights of tenants by the entirety may be considered to have been used more by way of illustration than as expressive of the actual tenancy created by the deed. The intention that there should be a right of survivorship in the grantees was clearly set forth in the deed under consideration in that case; but they were not at the time husband and wife, and the deed contained no expression of intention that they should take as husband and wife, or as tenants by the entirety.

I conclude that defendant and plaintiff's daughter took the title to the premises as tenants in common.

[2] While it is true that tenants in common presumptively take in equal shares (Jackson v. Moore, 94 App. Div. 504, 87 N. Y. Supp. 1101), this is a presumption only, which may, of course, be rebutted, if the facts show that equitably they should hold in different shares. (Walker v. Barrow, 43 La. Ann. 863, 9 South. 479). There is ample reason in this case for holding that plaintiff is equitably entitled to a two-thirds interest in the premises. He furnished his own money with which two-thirds of the cash consideration was paid. True, it was furnished to make the payment as the daughter had agreed with defendant to make it. Defendant, however, must have known the circumstances, and equitably cannot complain, if plaintiff receives the share in the estate for which his money actually paid.

Interlocutory judgment affirmed, with costs. All concur.