KATHERINE BAMBAUER, Appellant, *v.* ANDREW SCHLEIDER and Others, Appellants, Impleaded with FRANK HOMMEL and EVA HOMMEL, Respondents.

Second Department, February 9, 1917.

**Real property — conveyance to man and woman not legally married — tenants by the entirety or joint tenants — tenants in common — parol agreement as to nature of tenancy — evidence — admissibility under section 829 of the Code of Civil Procedure.**

A conveyance was made in which the grantees were named as "Mary Hommel and Frank Hommel, her husband." But the marriage was void and of no effect. In an action by the sister of Mary Hommel, after the latter's death, to partition the property, *held*, that the grantees took title as tenants in common, and that a prior parol agreement was insufficient to create a joint tenancy, or a tenancy by the entirety.

The testimony of Frank Hommel given upon examination before trial regarding the parol agreement was incompetent under section 829 of the Code of Civil Procedure.

Under section 66 of the Real Property Law, a joint tenancy can only be created by express words in a conveyance.

APPEAL by the plaintiff, Katherine Bambauer, and the defendants, Andrew Schleider and others, from a judgment of the County Court of Queens county in favor of the respondents, entered in the office of the clerk of said county on the 23d day of September, 1916, dismissing the complaint on the merits upon the decision of the court in an action for partition.

*Edward Potter* [*Jacob H. Denenholz* with him on the brief], for the appellants.

*Frank F. Adel,* for the respondents.

RICH, J.:

In 1897 one Mary Seibert, sister of the plaintiff, went through a ceremonial marriage with the respondent Frank Hommel, and they thereafter lived together as husband and wife until her death, May 26, 1915, believing that they were legally married. It seems that at the time the marriage ceremony was performed, Mary Seibert was the wife of John

Seibert, and said Frank Hommel had a wife living from whom he had never been divorced. In November, 1905, one Warner conveyed the real property involved in this action to said Mary Seibert and Frank Hommel as husband and wife, they being named in the conveyance as "Mary Hommel and Frank Hommel, her husband." They contributed equally to the purchase of said property and to the improvements made on the same after they obtained title. Subsequent to the death of Mary Seibert, the respondent Frank Hommel married Eva Hommel. The plaintiff is the sister of the deceased Mary Seibert, and brings this action to partition said property, making all of the heirs at law of her deceased sister, and said Frank Hommel and his present wife parties, contending that they own said realty in fee as tenants in common. Hommel contends that he is the sole owner thereof in fee, and alleges "that the said deed was so made with the intention and agreement on the part of all the parties thereto that this defendant and the said decedent should take the title as tenants by the entirety, with the right of sole ownership thereof to the survivor." The learned trial court submitted to the jury the single question, whether or not, at the time of such conveyance, there was an agreement and understanding between Mary Seibert and Frank Hommel that if one of them died before the other, the one who survived should take the property in fee, in its entirety. This question the jury answered in the affirmative, and the court thereupon directed judgment in favor of Hommel, dismissing the complaint upon the merits, and this appeal is taken from the judgment accordingly entered. The answer raises no issue of an equitable nature; it does not allege fraud or deceit or ask to have a trust declared in favor of Hommel, or an accounting. The legal proposition presented is that the oral agreement made prior to taking title has the effect in equity — such tenancy failing because the grantees were not husband and wife — of creating a joint tenancy under which the survivor takes the whole fee, and this is the conclusion of the learned trial court. The grantees took title as tenants in common, and not as tenants by the entirety or as joint tenants under the provisions of section 66 of the Real Property Law (Consol. Laws, chap. 50; Laws of 1909, chap. 52), which

declares in effect that every conveyance of real property to two or more persons in their own right creates a tenancy in common unless expressly declared to be in joint tenancy (*Perrin* v. *Harrington*, 146 App. Div. 292), and it is not true that, the tenancy by the entirety failing, the grantees took as joint tenants. (*Stelz* v. *Shreck*, 128 N. Y. 263; *Matter of Klatzl*, 216 id. 83.) The rule declared in *Perrin* v. *Harrington* (*supra*) is recognized by the learned trial court as controlling in the absence of the oral agreement, but he distinguishes the case at bar from the *Perrin* case, because of the oral agreement. Mary Seibert believed herself to be the wife of Hommel, and we are not concerned with what she desired believing herself legally married to Hommel. What would she have done had she known she was not his wife is the question. That was a contingency she did not consider, and to attempt to declare her mind upon that subject is a pure speculation expressly condemned in the *Perrin* case, in which it is said (p. 295): "The deed clearly and in so many words expressing the intention of the grantees to take and hold as tenants by the entirety, and it being impossible for them to take in that tenancy, it is not to be presumed that they intended to take in some other tenancy which does not give effect to the intention. *Non constat*, if they had been advised that they could not take as husband and wife, they would have chosen to take as tenants in common rather than as joint tenants, or by conveyance to them as tenants in common or joint tenants during their joint lives with remainder to the survivor When we enter upon the field of conjecture, the point at which we find the parties would have ultimately landed cannot be determined. Their statement as to their relation being false, and the tenancy expressed being necessarily based upon this false statement, or assumption of fact, the expression of that intention should be disregarded and the tenancy created by the conveyance determined as though it had been omitted therefrom." The statute is specific that a joint tenancy can only be created by express words in a conveyance, and it is clear, upon the facts presented, a joint tenancy was not created by the parol agreement.

The respondent Frank Hommel was examined before trial

by the plaintiff under the provisions of section 870 of the Code of Civil Procedure, and testified to the oral agreement on which he relies.   Upon the trial the plaintiff did not see fit to use any part of such examination, and Hommel introduced and read in evidence the testimony he had given upon such examination regarding such agreement, over the plaintiff's objection that it was incompetent under the provisions of section 829 of the Code.   This evidence was incompetent, and the exception thereto presents reversible error. (Code Civ. Proc. § 883; *Cudlip* v. *N. Y. Evening Journal Pub. Co.*, 180 N. Y. 85; *Kramer* v. *Kramer*, 80 App. Div. 20, 23; *Guenther* v. *Ridgway Co.*, 159 id. 74.) As the conclusions stated require a reversal of the judgment, consideration of the further questions presented is unnecessary.

The judgment of the County Court of Queens county should be reversed, and a new trial ordered, costs to abide the event.

THOMAS, STAPLETON, MILLS and PUTNAM, JJ., concurred.

Judgment of the County Court of Queens county reversed, and new trial ordered, costs to abide the event.