THE FARMERS' LOAN AND TRUST COMPANY, as Trustee under a Certain Deed of Trust Made by GEORGE G. BARNARD, Dated October 21, 1897, Appellant, *v.* MARY A. BARNARD WAGSTAFF and Others, Appellants, Impleaded with MARY G. SHELLY, Respondent, and JOHN C. BARNARD and Others, Defendants.

Second Department, January 14, 1921.

Evidence — deposition of defendant, alleged widow of deceased person, taken before trial as to her relations with decedent, not admissible on issue of marriage between deponent and decedent — Code of Civil Procedure, section 829, construed and applied — declarations of decedent tending to show that he was not married admissible — testimony of officer of plaintiff, trustee, did not make defendant competent under first exception to said section — introduction of decedent's income tax return did not make said defendant competent under second exception to said section.

In an action by a trust company, as trustee under a deed of trust executed by one since deceased, to account and to have the interests of the several parties in the trust property settled, wherein the real issue was whether or not one of the defendants was the widow of the decedent, the deposition of the said defendant taken on the application of the plaintiff before trial wherein she gave fully her version of the alleged marriage with the decedent, was properly excluded on the ground that the said defendant was incompetent under section 829 of the Code of Civil Procedure.

The declarations of the decedent tending to show that he was not married were properly admitted.

The testimony given on behalf of the plaintiff by its assistant secretary in connection with the introduction in evidence of decedent's income tax return made the year before his death wherein the decedent had stated that he was single, was not in effect a testifying by the plaintiff itself so as to make the said defendant a competent witness under the first exception of said section 829, namely: "Where the * * * survivor, * * * or person so deriving title or interest, is examined in his own behalf."

The affidavit of the decedent to his income tax return did not constitute testimony within the meaning of the second exception to said section 829, namely: "The testimony of the * * * deceased person is given in evidence, * * *," and thereby make the said defendant a competent witness.

It was, therefore, error to permit said defendant to testify to her personal transactions with the decedent.

APPEALS by the plaintiff, The Farmers' Loan and Trust Company, as trustee, and by the defendants, Mary A. Barnard

Wagstaff and others, from an order of the Supreme Court, made at the Nassau Trial Term and entered in the office of the clerk of the county of Nassau on the 14th day of November, 1919, denying a motion on behalf of certain defendants to set aside the verdict of the jury and for a new trial made upon the minutes.

*Nathan L. Miller*, for the appellants Mary A. Barnard Wagstaff, individually, and as executrix, and others.

*Frederick W. Murphy* [*David L. Fultz* with him on the brief], for the respondent.

MILLS, J.:

This is an appeal by the plaintiff and certain defendants other than the defendant Shelly (otherwise known as Barnard) from an order made at the Nassau Trial Term on October 13, 1919, denying appellants' motion upon the minutes for a new trial of the framed issue, " Was the said defendant Mary E. Barnard, sued herein as Mary G. Shelly, the lawful wife of George G. Barnard, deceased," which had by the verdict of the jury been answered in the affirmative.

The action was brought by the plaintiff as trustee under a deed of trust, executed by the late George G. Barnard, to account and to have the interests of the several parties in the trust properly settled. The real issue to be determined was whether or not the defendant, sued as Mary G. Shelly, was the wife of the decedent. The evidence was voluminous and certainly left that question in grave doubt. One of the contentions of the appellants here is that the verdict even upon the evidence as received was against the weight of the evidence. As I have concluded that the order appealed from must be reversed and a new trial granted because of errors committed by the trial justice in the conduct of the trial, to the manifest and substantial prejudice of the appellants, I will not here consider in detail the question of the weight of the evidence, other than to say that it seems plain, at least to me, that the evidence, viewing it, as here we should, most favorably to the respondent, was such that a verdict either way upon the issue would have to be sustained here. However that may be, a brief summary of the facts seems necessary

to a consideration of the alleged errors, or at least to the principal one of them.   The following is such summary.

The said George G. Barnard, on October 21, 1897, executed to plaintiff a trust deed of his property which amounted to $100,000, upon a trust to pay him the income thereof during his life and after his death the same to his widow, if he left one, for her life, and at her death or his death, if he left no widow, to divide the principal in a certain manner among the other defendants herein.   He died at Amityville in the county of Nassau on December 26, 1915, leaving no child or descendant.   The respondent was then and there living with him in some relation, as wife, mistress or housekeeper.   They had been living together at different places in apparently the same relation for many years.   The claim of the respondent was and is, that they were married by apt present words by themselves in the city of Providence, R. I., on December 18, 1901, and that since that date they lived together as man and wife in those places; whereas the claim of the appellants was and is, that while they had lived together during that period they were never married and that she had lived with him merely as his mistress.

The main evidence in behalf of the respondent was, in brief:

(a) An application for a life insurance policy by the decedent about one month before the alleged marriage, wherein it stated that she was his " intended wife."

(b) Her own testimony to the fact of marriage in that manner and at that time.

(c) Testimony of certain members of her family as to their statements at the time of the fact of their marriage.

(d) Testimony of various other people that he had at different times during their living together spoken of her as his wife.

Upon the other hand, the evidence of appellants consisted of:

(a) Various writings of a business character, made by the two separately during the period of their alleged married life in which each had in effect characterized himself or herself as single.

(b) Various oral declarations by them separately or together made to various people at different times and places during the same period and to the same effect.

(c) Evidence indicating that their relations before the alleged marriage were meretricious.

Without attempting to review the evidence in detail, it is evident that it presents a great conflict, such that I am under the impression that if the trial had been properly conducted, in the sense that only competent evidence was received, the verdict would have to be sustained. Viewed most favorably to the respondent, the case was evidently a close one and, therefore, we are bound to examine with special care the alleged errors in the receipt of testimony. The principal one urged upon our attention by the appellants is the permitting of the respondent herself to testify to personal transactions between the decedent and herself; indeed to give at length her version of their alleged married life, as well as of the claimed marriage; all over the objection and exception of the appellants upon the ground that she was incompetent as a witness under section 829 of the Code of Civil Procedure.

It is conceded by the respondent's learned counsel that she was incompetent under the well-known general prohibition of that section; but his contention here is that she was competent to testify under each of the two exceptions therein made and stated. In that respect the following was the situation when her testimony was received:

The respondent, upon the application of the plaintiff, was examined at length as a party before trial and in that examination gave substantially the same testimony which she ultimately did at the trial as a witness in her own behalf. At the trial in the first instance she attempted to introduce her deposition made at such examination as evidence in her behalf, the plaintiff not having offered it in proof. It gave very fully her version of the alleged marriage and, if credited, was amply sufficient to warrant, if not require, a verdict in her favor. When so offered it was objected to by the appellants upon the ground that she was incompetent under said section 829. The trial justice held that she was so incompetent, and under the authority of our decision in *Bambauer* v. *Schleider* (176 App. Div. 562, 565) he sustained the objection and excluded the deposition. At first the justice sustained the objections to the admission of decedent's declarations tending to show that he was not married, but finally overruled those

objections and received them, as I think properly, acting upon the authority of *Washington* v. *Bank for Savings* (171 N. Y. 166, 175); and a mass of testimony of that character was received. The leading feature of it was a proven copy of the decedent's last Federal income tax return, verified by him, in which he stated that he was, during the year 1914, single. The trial justice finally held and ruled that by introducing proof of the decedent's admissions appellants had waived the objection or bar of said section 829, and, therefore, overruled plaintiff's said objection and finally allowed the respondent to testify at length, which she did over such objection and appellants' exception.

The chief contention of appellants here is, that it was error for the trial justice to receive the testimony of the respondent to personal transactions between her and decedent.

Respondent's counsel contends that that ruling was correct for the following reasons, namely:

(a) Her deposition was really competent and should have been admitted in evidence, and her oral testimony as given was no more than the deposition; and we are by this contention practically asked to reconsider and overrule our decision in the *Bambauer Case* (*supra*).

(b) The testimony of plaintiff's officer was really plaintiff's testimony within the meaning of the first exception in said section 829, and, therefore, removed the bar of that section; and

(c) The introduction by the appellants in evidence of decedent's affidavit to his income tax return was a putting in evidence of his testimony and, therefore, under the second exception of that section, removed such bar.

As to the first of those grounds, our decision in the *Bambauer Case* (*supra*) was that the taking of such testimony of a party before trial at the instance of the adverse party did not prevent the latter party from preventing its introduction in evidence in behalf of the examined party, when that party was really incompetent under section 829.

I think that we should not now even re-examine the reasons for our said decision, much less overrule it. It was squarely made upon a point directly presented by the record; it was the law binding upon the trial justice in this case and we should sustain his ruling in effect so holding.

As to the second ground above stated, it appears that one Boyd was examined as a witness for the appellants and testified that he was an assistant secretary of the plaintiff engaged in its trust department; and he produced from plaintiff's files the said income tax return or a copy thereof, and finally stated that material parts of the return were written by the decedent. Respondent's counsel now claims that that was in effect a testifying by the plaintiff itself and, therefore, made respondent a competent witness under the first exception under section 829, namely: " Where the * * * survivor, * * * or person so deriving title or interest is examined in his own behalf." No authority is cited in support of this contention, and I conclude that it is not well made. It seems to me a very extreme view to hold that the testimony of an officer or an employee of a corporation is within the meaning of that section the testimony of the corporation. Doubtless when received in its behalf it is its evidence, but never, I think, its personal testimony.

As to the third ground, I think that the affidavit of decedent did not constitute testimony within the meaning of the second exception in said section 829, viz.: " The testimony of the * * * deceased person is given in evidence," etc. This question may be debatable; but I think that the word " testimony " as therein used and as generally employed involves the idea not only of a sworn statement, but also of one made in a judicial proceeding, where there was opportunity for an opposing party to cross-examine. It is to be inferred from the very exhaustive briefs of counsel that there is no New York decision directly in point upon this question. The statement quoted by respondent's counsel from the opinion in *Matter of Callister* (153 N. Y. 294), " We think it," referring to said exception, " means by testimony the sworn statements of the deceased made on some prior occasion " (153 N. Y. 306), is a general statement; and moreover it is a *dictum,* as the question there presented for determination was merely whether or not deceased's promissory note introduced in evidence constituted testimony by the deceased. None of the decisions from other jurisdictions cited in respondent's brief appears to me to reach the exact point.

I conclude, therefore, that the trial justice erred in finally

permitting respondent to testify to personal transactions with decedent. Manifestly that testimony was very prejudicial to the appellants. Indeed, were it stricken from the present record it may be doubted whether or not the remaining evidence would sustain the verdict for the respondent. The appellants also contend that in any event, even if the bar of the section had been removed by the admission of decedent's declarations as their evidence, respondent should not have been permitted to testify broadly to her own life with decedent, but that her testimony should have been limited to the precise statements or instances set forth in his declaration evidence. It seems to me, however, that such a declaration on his part as "I am a single man" was of a status, a sort of a summary of his condition and of his life with the respondent, and that if it made her a competent witness it enabled her to testify as to her entire life with him. The transaction to which in that view he thus testified was by way of a summary of his entire life with her, and, if it opened the door at all, it opened it for her to give her version of that life.

Therefore, I advise that the order appealed from be reversed and a new trial granted, with costs to abide the event.

JENKS, P. J., RICH, BLACKMAR and JAYCOX, JJ., concur.

Order reversed and new trial granted, with costs to abide the event.