ANNA J. M. LOCKWOOD, Appellant, *v.* MANICE DeF. LOCKWOOD, Individually and as Executor, etc., of WILLIAM B. E. LOCKWOOD, Deceased, and ANNIE C. LOCKWOOD, Respondents, Impleaded with JAMES CHURCHILL and Others, Defendants.

Second Department, June 9, 1922.

Witnesses — competency — action for dower — testimony by defendant as to conversations with decedent showing that plaintiff was not decedent's wife — testimony by plaintiff as to marriage agreement or ceremony and living together as man and wife incompetent under Code of Civil Procedure, § 829 (now Civil Practice Act, § 347).

In an action for dower brought by the alleged common-law wife of decedent, the plaintiff is incompetent under section 829 of the Code of Civil Procedure (now Civil Practice Act, section 347), to testify concerning the alleged ceremony or agreement entered into between her and the decedent, and to prove the fact that they were living together as man and wife up to the time of the decedent's death, notwithstanding that the defendant, the executor, testified in his own behalf, in substance, that the decedent had spoken to him on many occasions and referred to the plaintiff as his housekeeper and secretary, and had never spoken of her as his wife.

KELLY and MANNING, JJ., dissent, with opinion.

APPEAL by the plaintiff, Anna J. M. Lockwood, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 29th day of June, 1921, upon the verdict of a jury, dismissing the complaint upon the merits, and also from an order entered in said clerk's office on the same day denying plaintiff's motion for a new trial made upon the minutes.

*Jerome A. Strauss* [*Max D. Steuer* with him on the brief], for the appellant.

*Middleton S. Borland* [*Percy F. Griffin* with him on the brief], for the respondent.

**658** LOCKWOOD *v.* LOCKWOOD.

Judgment and order affirmed, with costs, on the opinion of J. ADDISON YOUNG, J., at Special Term, and upon the authority of *Martin* v. *Hillen* (142 N. Y. 140).

BLACKMAR, P. J., RICH and JAYCOX, JJ., concur; KELLY, J., reads for reversal, with whom MANNING, J., concurs.

The following is the opinion of the court below:

YOUNG, J.:

This action is for dower. The plaintiff alleged that she was the common-law wife of William B. E. Lockwood. The trial resulted in a verdict in favor of the defendants, and the plaintiff now moves for a new trial.

A single question of law is presented arising out of the exclusion of certain testimony offered by plaintiff. The executor, Manice DeF. Lockwood, was called as a witness in his own behalf and testified in substance that the decedent had spoken to him on a number of occasions, referring to the plaintiff as his housekeeper and secretary; that he had asked decedent who plaintiff was and what position she occupied in his house, and decedent told him that she was his housekeeper and did his writing for him, and that he had never heard decedent say in any way directly or indirectly that he was engaged to be married or that he had married plaintiff.

On rebuttal the plaintiff was called and her counsel offered to prove the. marriage ceremony or agreement entered into between her and the decedent on or about July 16, 1915, at Beechmont, New Rochelle, and also offered to prove by her the fact that they were living together as man and wife up to and including the time of his death, upon the ground that the attorneys for the executor had by their testimony opened the door and waived the provisions of section 829 of the Code.* This offer was objected to by defendant's counsel under section 829 of the Code and the objection was sustained and an exception taken by the plaintiff.

Plaintiff's counsel bases this motion upon a recent decision of the Appellate Division in this department (*Farmers' Loan & Trust Co.* v. *Wagstaff*, 194 App. Div. 757). That was an action for an accounting by a trustee under a deed of trust and the real issue was whether or not one of the defendants was the widow of the decedent. The court held, among other things, that the affidavit of the decedent to his income tax return did not constitute testimony within the meaning of the second exception to said section 829, viz., " The testimony of the * * * deceased person is given in evidence," and thereby make the said defendant a competent witness.

---

* Now Civ. Prac. Act, § 347.— [REP.

None of the questions decided in that case are the same as here presented and in my opinion the exclusion of the testimony of the plaintiff complained of was not in violation of the rule laid down by Mr. Justice MILLS in *Farmers' Loan & Trust Co.* v. *Wagstaff*. The testimony given by the executor was as to declarations made to him by his brother, and the reception of these declarations in evidence permitted the plaintiff merely to give testimony if she could to anything which occurred in any of these occasions as to which the executor had testified. If these statements had been made by the deceased by way of testimony given in a judicial proceeding and such testimony had been offered in evidence by the executor then it may be that the door would have been opened for the plaintiff to give testimony as to her relations with the deceased. It seems to me that this distinction is clearly made in the opinion above referred to.

The motion for a new trial is, therefore, denied.

KELLY, J. (dissenting):

I am unable to agree with the majority of the court in this case. I think the ruling of the learned trial justice excluding the evidence of plaintiff as to her personal transactions with decedent was erroneous. The plaintiff was called in rebuttal after the defendant and his wife, parties to the action, both vitally interested in the result, had testified in their own behalf as to their personal transactions with the deceased covering a period of years and as to statements said to have been made by the dead man concerning the plaintiff. This was not all. They testified that during the period covered by their evidence the plaintiff did not take part in the visits which they made to deceased; that she did not dine at the same table with them and as to various other details, for the evident purpose of leading the jury to the conclusion that plaintiff was not a wife but a servant. They testified that during this period in their dealings with deceased they never heard that plaintiff was married. The *negative* testimony was as important as the positive testimony, if not more so.

Their evidence did not relate to one specific transaction. It covered a course of dealing for several years. It was intended to establish the *status* of the decedent and the plaintiff.

Now this evidence by the defendant and his wife opened the door to plaintiff to testify " concerning the same transaction." (Code Civ. Proc. § 829.)*  What was the " transaction " testified to by defendants? What was the " transaction " which they endeavored to disprove by testifying to the statements by the dead

---

* Now Civ. Prac. Act, § 347.— [REP.

man? It was in my opinion the relationship between plaintiff and decedent, and I think she should have been allowed to negative it. She could not confine her testimony to one specific transaction, because the defendants testified to a series of transactions, to a continuing status.·

I think the reasoning of MILLS, J., in *Farmers' Loan & Trust Co.* v. *Wagstaff* (194 App. Div. 757, 763) is exactly in point. It may be *dictum,* as suggested by respondent, but it is the reasoning of a learned judge and it seems to me to be directly in point in the case at bar.

I think that it is unjust to this plaintiff to allow the defendants to place before the jury the words and actions of the dead man and preclude her from doing likewise.

MANNING, J., concurred.