In the Matter of the Estate of Isaac Liberman, Deceased.

Surrogate's Court, New York County, May 21, 1937.

*Garey & Garey*, for the petitioner, Harry Liberman.

*Lachman & Goldsmith*, for Herman N. Liberman, respondent, trustee.

Foley, S. The motion for reargument is denied. If the pending application be deemed to be one for a new trial on the ground of newly-discovered evidence, instead of for reargument, it is likewise denied.

Upon the trial before the surrogate it became material and competent to hear and determine whether the petitioner, Harry Liberman, had contracted a valid common-law marriage with Margaret Jones Liberman. The surrogate as the trier of the facts held in his prior decision that such a marriage had been proven and was in effect at the date of the death of the testator on February 4, 1929. (163 Misc. 105.) I indicated further in my decision that as to the clauses in the will prohibiting marriage except upon certain conditions, the surrogate, if necessary, would have determined that such provisions were in general restraint of marriage and void.

Upon the trial, when testimony was taken upon the issue of marriage, no plea of surprise was asserted by the attorneys for the respondents. No adjournment was requested and the issue was submitted for determination after both sides had rested.

The affidavit of the petitioner, now asserted as a ground for modification, and his admissions therein would have been competent evidence. (*Farmers' Loan & Trust Co.* v. *Wagstaff*, 194 App. Div. 757.) Even if it had been before the surrogate on the original hearing, however, it would not have changed the finding that the marriage was valid. It is a single element of proof to be considered with all the other evidence in the case. In the leading cases in this State on the question of common-law marriages, declarations or admissions that either of the parties was single or unmarried have been held to be not conclusive in the face of other proof showing a valid marriage. Such declarations or admissions were sometimes oral (*Matter of Kelly*, 238 N. Y. 71; *Matter of Murtha*, 259 id. 456), in certain cases they were in writing and in other cases were made under the sanctity of an oath. (*Matter of Erlanger*, 145 Misc. 1; affd., 243 App. Div. 754; *Tracy* v. *Frey*, 95 id. 579, at p. 593.)

Here both the husband and his wife testified convincingly before the surrogate that they had entered into a valid common-law marriage before the date of the death of the testator. In my opinion the respondents, the brother and sister of the petitioner, themselves knew of the true nature of the relationship which they are attempting now to change from one of man and wife to man and mistress. No adequate reason for any modification of the original decision of the surrogate has been shown in the present application.

Submit order on notice denying the application accordingly.