# N. Y. SUPERIOR COURT.

WILLIAM ZORNTLEIN agt. GEORGE ADAM BRAM and CLARA BRAM.

*Husband and wife — When tenants in common in lands conveyed to them jointly — When grantee in a conveyance by wife entitled to a partition.*

Where, since the act of 1860, concerning the rights and liabilities of husband and wife, lands have been conveyed to a husband and wife jointly, without any statement in the deed as to the manner in which the grantee shall hold, they are tenants in common, and not tenants by entireties; and the grantee in a conveyance by the wife of an individual half of the premises is entitled to a partition.

*Special Term, May,* 1882.

TRUAX, *J.* — This action was brought to partition the premises mentioned in the complaint. I have found that in the year 1878 the premises were conveyed to Jacob Bram and Babeta Bram ; that at the time of the making of said conveyance Babeta Bram was the wife of Jacob Bram, although that fact was not mentioned in the conveyance ; that thereafter Babeta Bram conveyed one individual half of said premises to the plaintiff ; that thereafter, and after the last mentioned deed had been recorded, said Jacob Bram and

Babetta Bram conveyed said premises to the defendant, George Adam Bram, and that this last mentioned deed was recorded before the commencement of this action.

The learned counsel for the defendants contends that the plaintiff cannot maintain this action because the said Jacob and Babeta Bram were seized of an entirety in said premises, and not as joint tenants or tenants in common; that at common law during the lives of both parties, the husband (Jacob Bram) was entitled to the possession of the property and to the rents and profits of the freehold estate, and the wife (Babeta Bram) had only a mere right of survivorship (*Goelet* agt. *Gori*, 31 *Barb.*, 314; *Wright* agt. *Sadler*, 20 *N. Y.*, 320; *Barber* agt. *Harris*, 15 *Wend.*, 175; *Dickinson* agt. *Codwise*, 1 *Sand. Ch.*, 214; *Dias* agt. *Glover*, *Hoff. Ch.*, 71; *Roger* agt. *Benson*, 5 *Johns. Ch.*, 431; *Miller* agt. *Miller*, 9 *Abb.* [*N. S.*], 444; *Jackson* agt. *Stivers*, 16 *Johns.*, 110; *Doe* agt. *Howland*, 8 *Cow.*, 277); and that the married woman's acts of 1848, 1849, 1860 and 1862 have not changed this rule of the common law (*Freeman* agt. *Barber*, 3 *T. & C.*, 574; *Beach* agt. *Hollister*, 3 *Hun*, 519).

The precise question in this case has lately been passed upon by three of the judges of the court of appeals (*See Meeker* agt. *Wright*, 76 *N. Y.*, 262). Judge DANFORTH, in an opinion which was concurred in by RAPALLO and MILLER, JJ., criticised and disapproved of many of the cases above cited, and held that, where since the passage of the act of 1860, concerning the rights and liabilities of husband and wife, lands have been conveyed to a husband and wife, jointly, without any statement in the deed as to the manner in which the grantees shall hold, they are tenants in common. It is true that the case was decided upon another point, but it seems to me that the reasoning of Judge DANFORTH is logical, and is but interpreting the married woman's acts in the same liberal spirit in which they were enacted. The case of *Meeker* agt. *Wright* was decided in February, 1879, since which time the legislature of this state has passed an act which declares that

whenever husband and wife shall hold any lands or tenements, as tenants in common, joint tenants, or as tenants by entireties, they may make partition or division of the same between themselves, and such partition or division    \*    \*    \* shall be valid and effectual (*Chap.* 472, *Laws* 1880).

Judgment of partition and sale is ordered, with costs.