BESSIE A. ARMONDI, Appellant, *v.* WARREN L. DUNHAM and Another, Respondents.

Third Department, November 17, 1927.

**Husband and wife — tenants by entirety — estate by entirety is created by deed to husband and wife though relationship is not mentioned.**

An estate by the entirety in real property is one peculiar to the relation of husband and wife and is created by a deed transferring property to a man and his wife, notwithstanding the deed does not state that the grantees are husband and wife.

APPEAL by the plaintiff, Bessie A. Armondi, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Delaware on the 14th day of March, 1927, upon the decision of the court rendered after a trial at the Otsego Special Term.

*Sewell & France* [*H. C. Stratton* of counsel], for the appellant.

*Charles C. Flaesch,* for the respondents.

DAVIS, J. The action is for partition. There is no dispute in the facts. It is conceded that Fred W. Livingston and Edith N. Livingston were husband and wife; that on the 10th day of April, 1900, the real property in question was conveyed to them, and that they resided upon and occupied the premises until the death of the wife, September 26, 1903. Thereafter the husband as survivor conveyed the premises to one Barrett, and the defendants now hold title through mesne conveyances from him.

The plaintiff claims title to an undivided one-half of said premises as tenant in common through conveyances made by the heirs at law of Edith N. Livingston. Her claim to title is based on the fact that in the conveyance to the Livingstons it was not mentioned therein that they were husband and wife, and that nothing was said in the deed limiting the nature of the estate taken. The defendants rely on the doctrine that a conveyance to husband and wife creates a tenancy by the entirety and that the title vested in Fred W. Livingston as survivor.

The precise question seems never to have been decided in this State, as to whether in a conveyance to husband and wife definite words denoting the relationship or the nature of the estate they take are essential to create a tenancy by the entirety. Respondents' counsel calls our attention to the fact that in *Zorntlein* v. *Bram* the trial justice says: " I have found that in the year 1878 the premises were conveyed to Jacob Bram and Babeta Bram; that at the time of the making of said conveyance Babeta Bram was the wife of Jacob Bram, although that fact was not mentioned in the conveyance." (See 63 How. Pr. 240.) The case was eventually decided by the Court of Appeals where it was held that the Brams took title as tenants by the entirety. (100 N. Y. 12.) Appellant's counsel questions the accuracy of the statement that descriptive words were lacking, having examined the record in the Court of Appeals. While a precedent would be helpful, we think the case can be decided on principles well established.

Tenancies by the entirety are so ancient that the history of their origin is lost. They are peculiar to the relation of husband and wife and to real estate, not existing in respect to personal property. (*Matter of Albrecht,* 136 N. Y. 91; *Matter of Blumenthal,* 236 id. 448.) Such a tenancy depends upon the relation, the status of marriage. If there is no marriage between the parties or if the marriage is void, the tenancy cannot be created, no matter what the intent or purpose of the parties may be or the language of the

conveyance. (*Perrin* v. *Harrington*, 146 App. Div. 292; *Bambauer* v. *Schleider*, 176 id. 562; *Bell* v. *Little*, 204 id. 235; affd., 237 N. Y. 519.) If the marriage is dissolved by divorce, such tenancy immediately terminates. (*Stelz* v. *Shreck*, 128 N. Y. 263; *Yax* v. *Yax*, 211 App. Div. 872; affd., 240 N. Y. 590; 125 Misc. 851; affd., 217 App. Div. 714.)

It is apparent then that the relationship is the basis of the tenancy. It was originally founded on the doctrine of unity between husband and wife. " Where land is conveyed to husband and wife, they do not take as joint tenants or as tenants in common; for, being considered as one person in law, they cannot take by moieties, but both are seized of the entirety, and neither of them can dispose of any part without the assent of the other, and the whole goes to the survivor." (*Torrey* v. *Torrey*, 14 N. Y. 430, 431. See, also, *Zorntlein* v. *Bram*, *supra*, 15; *Matter of Klatzl*, 216 N. Y. 83, 86, 88, 90; *Matter of Lyon*, 233 id. 208, 211.)

In the cases where under a grant to husband and wife a tenancy by the entirety has been upheld, there is no special emphasis placed on descriptive words denoting the relationship. While no doubt it is better practice as a matter of evidence or of certainty to add descriptive words in the deed stating the relationship and the nature of the grant, it is not at all essential if the relationship of husband and wife exists and is established. " It is still the law of this State that where a grant is made to husband and wife without any words specially prescribing, qualifying or characterizing the kind or quality of the estate which each shall take, the grantees hold as tenants by the entirety." (*Miner* v. *Brown*, 133 N. Y. 308, 311.) The estate which vests is peculiarly the result or product of the marriage relation. (*Jooss* v. *Fey*, 129 N. Y. 17, 19.) It vests in both as an entirety. (*Matter of Lyon*, *supra*.) That the estate is created by the relation, in the absence of descriptive words, is the rule in other jurisdictions. (See 30 C. J. 558, 559, and cases cited.)

The statutes relative to the vesting of estates in real property (now represented by section 66 of the Real Property Law and the Married Women's Acts [now Dom. Rel. Law, art. 4]) have not affected the common-law doctrine (*Bertles* v. *Nunan*, 92 N. Y. 152, 157; *Hiles* v. *Fisher*, 144 id. 306) except as they affect the right to the income from the property during their joint lives (*Hiles* v. *Fisher*, *supra*, 306) and the right of a husband and wife by an expressed intent and purpose on their part or of their grantor that they will hold the estate as joint tenants (*Jooss* v. *Fey*, *supra*) or as tenants in common. (*Miner* v. *Brown*, *supra*.)

We reach the conclusion that with the relationship conceded

at the time of the grant, a tenancy by the entirety was definitely established, there being nothing to evince any other intent on the part of the grantees or of their grantor. (*Matter of Albrecht, supra,* 94.) The omission of the words " his wife," following the name of Edith N. Livingston, is not fatal in the creation of such an estate in the absence of any words indicating a contrary purpose.

The judgment should be affirmed, with costs.

COCHRANE, P. J., HINMAN, MCCANN and WHITMYER, JJ., concur.

Judgment affirmed, with costs.