The bill in this case was filed for a partition of the lands of the complainant and defendants, Frank Dolsay and Emma Dolsay, who are co-owners.
Counsel submitted to me the question of the construction of the deed whereby the premises were conveyed to Ralph Mosser, complainant, and defendants, Frank Dolsay and Emma Dolsay. The other questions involved were laid over pending the construction of the deed.
The parties acquired the premises in question on December 12th, 1929, by deed dated that day. The language of the deed is as follows:
"Between EDITH WILLIS, unmarried, * * *, party of the first part:
AND, RALPH MOSSER of the Borough of Wanaque, County of Passaic and State of New Jersey, and Frank Dolsay and Emma Dolsay, his wife, as joint tenants and not as tenants in common, with the rights of survivorship incident thereto, of the Borough of Bloomingdale, in the County of Passaic and State of New Jersey, party of the second part."
The granting clause and the habendum clause are silent as to the nature of the interests or estates, intended to be conveyed to the respective grantees and are in the usual language; to wit, "to the parties of the second part, their heirs and assigns forever." Frank Dolsay and Emma Dolsay, at the time of the filing of the bill of complaint in this cause, were divorced by a decree of this court.
Complainant contends that he and the two defendants took as joint tenants, he being seized of one equal moiety and the defendants together being seized of the other equal moiety. The defendants argue that all the grantees took as joint tenants and that each individual had an equal interest.
At common law estates in which there were a plurality of tenants were described as "joint-estates." This designation includes joint tenancies (within which class are included tenancies by the entirety), estates in co-parcenary, and tenancies in common. It must be borne in mind that the term "joint-estates" embraces, but is not synonymous with, joint tenancies. Washburn is the only modern textbook writer *Page 123 
that I have found to use the term "joint-estates" althoughThompson seems to consider the term when he groups these estates under the head of "Concurrent Ownerships." The term "joint-estates" was probably avoided as a descriptive classification to prevent confusion with "joint tenancies." Cokeon Littleton § 291 reads as follows:
"Also if a joynt estate be made of land to a husband and wife and to a third person, in this case the husband and wife have in law in their right but the moity, (and the third person shall have as much as the husband and wife, viz., the other moity,c.). And the cause is, for that the husband and wife are but one person in law, and are in like case as if an estate be made to two joynt tenants, * * *."
See, also, Freeman on Cotenancy and Partition § 70, where it is said that:
"The husband and wife not only take an entire estate as one person when it is granted to them, but they are also regarded as one person in any conveyance made to them and others, and therefore take but one moiety. Thus, if a deed be made to A and wife and B, here A and wife together take but one half. This is true whether the conveyance be intended to create a joint-tenancy or a tenancy in common."
The rule above enunciated has been followed in this state in the case of Den, ex dem. Hardenbergh v. Hardenbergh,10 N.J. Law 42, 45, wherein it was said:
"In a grant by way of joint tenancy, to three persons, each takes one third part. In a grant to a husband and wife, and a third person, the husband and wife take one half, and the other person takes the other half; * * * Lit. § 291."
At common law, therefore, the deed in question (assuming that it ran to the same grantees, but without the qualifying language) would have created a joint tenancy between Ralph Mosser, on the one hand, and Frank Dolsay and Emma Dolsay, on the other (the latter holding their moiety as between themselves as tenants by the entirety). Littleton, Coke and Blackstone state the common law to be that because of the legal fiction of the unity of person of a husband and wife, the husband and wife cannot properly be either joint tenants or tenants in common as between themselves but are both *Page 124 
seized of the entirety, per tout, et non per my, so that neither can dispose of any part without the assent of the other but the whole must remain to the survivor. To-day the fiction of unity of person has been almost abandoned in this and other jurisdictions. It does exist, however, in so far as conveyances or devises of real property to a husband and wife are concerned, and forms the basis of the law of the estates by the entirety. This fiction is binding upon the courts in the absence of legislative enactment.
Under the common law of England, a conveyance to a number of persons, without more, created a joint tenancy. By reason of the statutes of this state, a conveyance to two or more persons who are not husband and wife creates a tenancy in common unless the conveyance sets forth an intention by the parties to create a joint tenancy. R.S. 46:3-17. See Den, ex dem. Hardenbergh v.Hardenbergh, supra. Therefore, by virtue of the statute, even though the qualifying language in the deed is absent, the effect of the conveyance in question would be to vest the title in Ralph Mosser as tenant in common of an undivided one-half and in Frank Dolsay and Emma, his wife, as tenants in common, of the other undivided one-half, which latter half, as between husband and wife, would be held by them as tenants by the entirety.
The qualifying words in the deed; to wit, "as joint tenants and not as tenants in common, with the rights of survivorship incident thereto," refer to and are descriptive of the estate granted to Frank and Emma Dolsay. They do not refer or relate to the estate granted to Ralph Mosser. The wording of the deed is to "Ralph Mosser, of the Borough of Wanaque, c.," and to "Frank Dolsay and Emma Dolsay, his wife, as joint tenants, c., of the Borough of Bloomingdale, c." The qualifying words appear immediately after Frank Dolsay and Emma Dolsay, his wife, and before the statement of their place of residence. If the qualifying words appeared after the place of residence of the Dolsays it might then be said that they intended to refer to and denote the nature of the estate conveyed to all three grantees. A conveyance to a husband and wife under the common law rule vests in them *Page 125 
an estate by the entirety except when the conveyance by express words shows that the grantor intended to convey an estate of joint tenancy and not an estate by the entirety. Taylor v.Lowencamp, 104 N.J. Eq. 302, 304.
I have, therefore, concluded that the conveyance in question created a tenancy in common between Ralph Mosser, on the one hand, and Frank and Emma Dolsay, on the other, and that Frank Dolsay and Emma Dolsay hold their undivided one-half interest as joint tenants as between themselves. Such being the result, the dissolution of their marriage did not effect the title of the Dolsays.
If counsel cannot agree on the accounting as between the parties, I am inclined to refer the same to a special master.