Richard J. Sherman, J.
The complaint in this action is brought for the purpose of adjudging and determining that a deed from Minnie L. Patrick to Minnie L. Patrick and Marion
E. Maby, dated November 26,1956 and recorded in the Saratoga County Clerk’s office on November 28,1956, in Book 636 of Deeds at page 419 is void; further adjudging that the plaintiffs and defendant are the owners of the premises as tenants in common each entitled to an undivided one-third interest therein; and for a partition and division of said property.
The complaint states that Charles F. Patrick was at the time of his death seized in fee simple and in possession of three parcels of property in the City of Mechanieville, N. Y.
The motion in behalf of the defendant is for a dismissal of so much of the complaint that pertains to the property described as parcel (3) on the ground that the complaint and exhibits attached thereto set forth that Minnie L. Patrick, deceased, was the owner as tenant by the entirety with her husband, Charles F. Patrick, of the property described as Parcel (3) in paragraph “ First ” of the complaint, and as surviving tenant by the entirety had the right to convey the property to the defendant herein.
The deed allegedly creating the alleged tenancy by the entirety is partially set forth: “ This Indenture, made the 3rd day of October Nineteen Hundred and thirty-three, Between Isabel A. Slingerland .......... and Mr. and Mrs. Charles Patrick, of Mechanieville, N. Y., party of the second part. Witnesseth that the party of the first part, in consideration of One Dollar ($1.00) lawful money of the United States, and Other Good and Valuable Consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, his heirs and assigns forever ”.
This deed is dated October 3, 1933 and was recorded in the Saratoga County Clerk’s office on October 26, 1933.
There is no dispute as to the fact that Mr. and Mrs. Charles F. Patrick were husband and wife.
The question is whether parcel (3) was conveyed to Mr. Charles F. Patrick alone, as plaintiffs contend, or to Mr. and Mrs. Charles F. Patrick, as defendant contends. The plaintiffs further argue that the words in the deed “ his heirs and assigns forever ” identify Mr. Charles F. Patrick as the sole purchaser.
It now becomes the duty of this court to ascertain the intention of trll© p£LTÍlOS»
In Sattler v. Hallock (160 N. Y. 291, 297-298) the court said:
“ It is always the duty of a court, in construing a written instrument, if possible, to ascertain the intention of the parties; and *394 in order to determine its proper construction resort must be had to the instrument as a whole, and effect must be given to every clause and part thereof when it can be done without violence.”
To sustain the contention of the plaintiffs, it would be necessary to entirely disregard the grant by deed to Mr. and Mrs. Charles F. Patrick.
“ Words in the singular number include the plural, and in the plural number include the singular.” (General Construction Law, § 35.)
A grant to husband and wife, without words describing their marital status and without words describing the nature of the estate conveyed, creates a tenancy by the entirety. (Armondi v. Dunham, 221 App. Div. 679, affd. 248 N. Y. 603.)
Mistakes and errors are often made in the drawing of legal documents such as a conveyance of realty, but the intention is clear in this instance in that Mr. and Mrs. Charles F. Patrick were the grantees.
The defendant’s motion to strike out and dismiss so much of the complaint as pertains to real property described in the “ First ” paragraph of the complaint as “ Parcel (3) ” is hereby granted.