Alice R. COLEMAN, also known as Alice
R. Jackson, Appellant

v.

Thomas William JACKSON, individually
in his own right, and as administrator
of the Estate of Thomas H. Jackson,
deceased, and Susie Williams Jackson,
and Susie Jackson Crutchfield, Admin-
istratrix of Estate of Joseph I. Jackson,
Appellees.

No. 15636.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 10, 1960.

Decided Nov. 17, 1960.

Petition for Rehearing En Banc Denied
Jan. 6, 1961.

Mr. Dale L. Button, Washington, D. C.,
for appellant.

Mr. Paul Lee Sweeny, Washington, D. C., for appellees.

Before Mr. Justice REED, retired,* and EDGERTON and WASHINGTON, Circuit Judges.

Mr. Justice REED, sitting by designation.

Decedent Thomas H. Jackson and appellant Alice R. Coleman, also known as Alice R. Jackson, lived together in the District of Columbia, ostensibly as man and wife, from 1926 until decedent's death on January 9, 1957. They had 11 children. Thomas and Alice were not legally married. Thomas was the husband of Susie W. Jackson, one of the appellees, to whom he was married in 1903 in a ceremonial marriage which was never dissolved. Thomas had lived with Susie in Virginia until 1926, and two children were born of this marriage. After 1926 Susie continued to reside in Virginia. Thomas visited her regularly and sent her regular cash support until his death.

In 1952 certain realty in the District was conveyed to decedent and Alice. In the deed it was stated that the property was conveyed to "Thomas H. Jackson and wife, Alice R. Jackson * * * as Tenants by the Entirety." At decedent's death intestate, dispute arose as to the ownership of the property. Alice claimed that the conveyance created in her a right of survivorship and that she became the sole owner of the realty. Appellees, who are decedent's administrator and members of his legitimate family, claimed that the conveyance created a tenancy in common between Thomas and Alice and that on Thomas' death they were entitled to his share.[1]

The District Court, in an action brought by appellees for declaratory and equitable relief, held that Susie W. Jackson was the lawful widow of decedent and

that, since Thomas and Alice were not married, the conveyance to them created only a tenancy in common without right of survivorship. Alice had sold the property in question before the commencement of this suit, and therefore the court impressed so much of the proceeds as was derived from purchase payments made by Thomas with a constructive trust in favor of appellees. From this judgment Alice appealed.

It is clear that Alice cannot take as a surviving tenant by the entireties, for this tenancy can exist only between husband and wife. Fairclaw v. Forrest, 1942, 76 U.S.App.D.C. 197, 201, 130 F.2d 829, 833, 143 A.L.R. 1154. This form of cotenancy is a product of the common law doctrine that husband and wife are one person. At common law,[2] when property was conveyed to a husband and wife, both were said to be seized of the entirety, *per tout, et non per my*—of all and not of moieties. It was impossible for each to take an undivided moiety, as would joint tenants, for they were but one person.

From this theory followed—or were said to follow—the two great attributes of tenancy by the entireties, the right of survivorship and the inability of either spouse acting alone to alienate an interest in the property during the joint lives of the two. The right of the survivor to take all is an attribute of joint tenancy as well, but only in tenancy by the entireties is it impossible for one cotenant to sell or pledge his interest or to compel a partition of the property. Tenancy by the entireties exists today under the law of the District. Settle v. Settle, 1925, 56 App.D.C. 50, 8 F.2d 911, 43 A.L.R. 1079.

Our issue, then, is whether in the District of Columbia a conveyance to A and B, as husband and wife and as tenants by the entireties, when it is impos-

---

* Sitting by designation pursuant to Sec. 294(a), Title 28, U.S.Code.

1. Under the statute of descent in force at decedent's death, his interest in the real property would devolve, subject to dower, to his children and their descendants. D.C.Code (1951 ed.) §§ 18–101, 18–201.

2. See 2 Blackstone, Commentaries 182; Hunt v. Blackburn, 1888, 128 U.S. 464, 9 S.Ct. 125, 32 L.Ed. 488.

sible for them to take that estate because the husband is married to another living woman, creates a joint tenancy enabling the paramour to take by right of survivorship.

Title 45, § 816, of the District of Columbia Code, so far as relevant, provides:

> "Every estate granted or devised to two or more persons in their own right, including estates granted or devised to husband and wife, shall be a tenancy in common, unless expressly declared to be a joint tenancy * * *."

The form of this section, as originally enacted, 31 Stat. 1352, § 1031 (1901), followed the draft of Walter S. Cox, D.C. Code, Cox's Draft, p. 393 (1898). See id., Preface, at vii and xii. No legislative discussion on the original section has been found. The amendment of 1902, 32 Stat. 538, does not affect this litigation.

■ Nevertheless, it appears reasonably clear that the passage of § 816 in 1901 was intended primarily, and perhaps solely, to reverse the common law rule that a grant or devise to a number of people, without more, created a joint tenancy. Seitz v. Seitz, 1897, 11 App. D.C. 358, is one of many cases in which the estate of a deceased cotenant was held to take nothing because the decedent held as a joint tenant. The common law rule was a useful device to the feudal landlord, for it avoided diffusion of land among many tenants and facilitated the rendering of feudal dues. But to the modern property owner, whose interest was more often to distribute property equally among the branches of his family than to maintain property intact and in few hands, the common law rule was often merely a conveyancing trap. In the Seitz case this court stated both the rule and a muted plea for legislative change, 11 App.D.C. at page 370:

> " * * * it is an inflexible and inexorable rule of the common law, repeatedly declared to be in force in the District of Columbia, and become an absolute rule of property, which could not be disregarded without disturbing a vast number of titles and unsettling the whole law of real estate, that a conveyance of land to two or more persons, without any sufficient indication of intention in the instrument of conveyance that the grantees are to hold in severalty, is to be construed as a joint tenancy, and not as a tenancy in common, whatever may have been the true intention of the parties in that regard. We know that this rule of the common law has been changed almost everywhere else by statute; but the Congress of the United States has not yet thought proper to change it in the District of Columbia, notwithstanding that its attention has been called to the subject; and we are bound by the rule as it stands."

■■ The passage of § 816 seems thus to have substituted a presumption in favor of tenancy in common instead of a presumption in favor of joint tenancy. But the new presumption applies, as did the old one, only when there is no expression to the contrary in the conveyance. It was even said in Perrin v. Harrington, 1911, 146 App.Div. 292, 294, 130 N.Y.S. 944, 946, a case applying a statute substantially identical with § 816 to facts like those in the instant case and reaching a result contrary to ours, that "the intention to create a tenancy other than a tenancy in common must be given effect, if such intention can be gathered from the whole instrument * * *." Section 816 has not excused the courts from the duty of determining and effecting the intention of the grantor as it appears on the face of the conveyance.

The situation which confronts us is not unique, and a few cases have been found dealing with similar conveyances. Mitchell v. Frederick, 166 Md. 42, 170 A. 733, 92 A.L.R. 1412, was decided in 1934. In that case there were conveyances to a man and woman as tenants by the entireties. The two were living together as husband and wife, but the woman had a living husband from whom she had not

been divorced. The Maryland statute, Md.Code (1924), art. 50 § 13, provided that "no deed * * * shall be construed to create an estate in joint tenancy, unless in such deed * * * it is expressly provided that the property thereby conveyed is to be held in joint tenancy." The court points out that, because of its close resemblance to joint tenancy, what is called tenancy by the entireties was often classed in the older cases as a species of joint tenancy, with added incidents for husband and wife. Quoting from Tiffany on Real Property, the court concludes, 166 Md. at page 50, 170 A. at page 737, that survivorship is

> " 'The most important incident of tenancy by the entireties * * *.' The intention to secure this incident by describing the estate as one by the entirety is with us clear beyond all question. Specifying tenancy by the entirety is the full equivalent of declaring in so many words that there shall be a right of survivorship."

The court did not find itself compelled to decide what form of cotenancy was created by the ineffectual attempt to create tenancy by the entireties, but said that, whatever form the cotenancy took, the intention to create survivorship would be effected.[3]

In Maxwell v. Saylor, 1948, 359 Pa. 94, 58 A.2d 355, the Supreme Court of Pennsylvania decided a case in which the conveyance was to a man and his purported wife as tenants by the entireties. The man had a wife living. The court held that the man's lawful wife and daughter were not entitled to share in the property upon his death. This was done on the ground that an ineffective attempt to create a tenancy by the entireties is to be construed according to the intention of the parties. Specification of tenancy by the entireties indicated an intent to create survivorship, said the court, and this intention would best be effected by treating the conveyance as creating a joint tenancy with right of survivorship.[4]

Justice Stearne entered a vigorous dissent in Maxwell v. Saylor. He cited and adopted the reasoning of the New York Appellate Division in Perrin v. Harrington, 1911, 146 App.Div. 292, 130 N.Y.S. 944, a case that appears to be the law in New York today, in which such a conveyance as we have here was held to create a tenancy in common between the unmarried grantees.[5] Justice Stearne agreed, as did the court in Perrin v. Harrington, that the decision turned on the intent of the grantor as expressed in the conveyance. Tenancy by the entireties has only one feature, survivorship, in

3. Again in Maryland, in 1935, in the case of Hutson v. Hutson, 168 Md. 182, 177 A. 177, 178, the question arose where the husband conveyed through a straw party to himself and the woman with whom he was living who had a living husband. This conveyance was to the two "as tenants by the entireties" and then to "the survivor." On the purported husband's suit to avoid the deed, the court held that the grantor did not know at the time of the conveyance of the wife's former marriage and did not intend to create a joint tenancy or tenancy in common, the only estates possible under the circumstances. Therefore the court set aside the deed as being unjust to the purported husband.

Cf. Little River Bank & Trust Co. v. Eastman, Fla.App.1958, 105 So.2d 912 and Runions v. Runions, 1948, 186 Tenn. 25, 207 S.W.2d 1016, 1 A.L.R.2d 242, in which conveyances between husband and wife were considered which stated that

the parties should hold as tenants by the entireties. Although the conveyances were held ineffectual to create that form of contenancy, they were held to express the intent that there be survivorship and this intent was effected.

4. And see Morris v. McCarty, 1893, 158 Mass. 11, 32 N.E. 938, 939, a case illustrating the tendency to see tenancy by the entireties as a kind of joint tenancy. A deed to an unmarried man and woman as "tenants by the entirety, and not as tenants in common" was held there to create a joint tenancy. A statute provided that to create a joint tenancy the conveyance must manifest such an intent.

5. It should be noted, however, that this question has never been before the New York Court of Appeals and that Perrin v. Harrington was last cited by the Appellate Division on this point in 1927, Armondi v. Dunham, 221 App.Div. 679, 225 N.Y.S. 87.

common with joint tenancy, he argued, and to find an intention to create joint tenancy from an expression of tenancy by the entireties is to engage in mere conjecture.

Justice Stearne's dissent did not bear fruit in Pennsylvania. In 1959 the Supreme Court of Pennsylvania in Bove v. Bove, 394 Pa. 627, 149 A.2d 67, held, in a unanimous decision, that a deed to a man and woman who were not legally married, as tenants by the entireties, was ineffective as to the creation of that tenancy but was effective to create a joint tenancy with right of survivorship. The court noted that it was immaterial whether the survivor or non-surviving spouse had supplied the money used to purchase the property.[6]

We agree with the majority of the Pennsylvania court and do not find the reasoning of Perrin v. Harrington convincing. Of course, joint tenancy lacks the feature of inalienability which tenancy by the entireties possesses. It is impossible, however, to say that, with tenancy by the entireties barred by lack of a valid marriage, the parties preferred tenancy in common, which has neither the incident of inalienability nor the incident of survivorship. Nor does it suffice to strike the inappropriate words, "tenants by the entireties," and apply so much of the deed as is left. Such an approach would ignore the element of intent which the New York court admits to be dispositive. The words "tenants by the entireties" are an expression of intent that the court cannot ignore.[7]

What the parties intended in this case is clear if we accept the words of the conveyance as representing the intention of the parties. This must necessarily be done where, as here, no contrary evidence of intention exists.[8] The words used, "tenants by the entirety," mean in law that the parties wanted the property to be inalienable by either during their joint lives, and on the death of one they wished the survivor to take all. Because they were not married and because inalienability is an incident only of estates by the entireties, the law denies them the first of these wishes. But it does not follow that it must deny them the second as well. Survivorship, the salient feature of joint tenancy, is also perhaps the most important feature of tenancy by the entireties; the other major attribute of the latter estate, inalienability, is in part only a means to protect the right of the survivor to take. Although there are differences between joint tenancies and tenancies by the entireties,[9] the marked similarities between the two forms of cotenancy cannot be ignored. In Settle v.

6. In 1950, in Teacher v. Kijurina, 365 Pa. 480, 76 A.2d 197, the Pennsylvania Supreme Court unanimously held that where grantees under a deed to husband and wife were not actually married, the nature of the estate must be decided upon the language of the deed. It made no difference whether the grantees believed they were husband and wife or not. Where there is added to the names of the grantees some language to indicate that a survivorship was intended, that intent will be found and upheld. The language of this deed was to "Nick Kijurina and Sarah, his wife." There was nothing as to joint tenancy or tenancy by the entireties. The court said in denying the right of survivorship, "In Maxwell v. Saylor we went as far as we could go and that case must not be extended beyond its facts." 365 Pa. at page 489, 76 A.2d at page 202. See Annotation 92 A.L.R. 1420.

7. See Kepner, The Effect of an Attempted Creation of an Estate by the Entirety in Unmarried Grantees, 6 Rutgers L. Rev. 550, 557 (1952).

8. There is evidence in the deed that the words "Tenants by the Entirety" are not the result merely of a whim of the draftsman but reflect the conscious intention of the parties. The deed contains the following sentence, after which appears the signature of Thomas, the deceased grantee: "Sale of the above described property was ratified to said Thomas H. Jackson who has directed that conveyance be made to the parties hereto of the second part as Tenants by the Entirety, as evidenced by his signature hereto."

9. Thus, e. g., partition of land is made available by D.C.Code § 16–1301 to joint tenants but not to tenants by the entireties.

Settle, 1925, 56 App.D.C. 50, 51, 8 F.2d 911, 912, 43 A.L.R. 1079, this court said, "The tenancy by entireties is essentially a joint tenancy, modified by the common-law theory that husband and wife are one person." The intention of survivorship manifested in the deed can best be effected by declaring the cotenants in this case to have been joint tenants. Alice, as surviving joint tenant, became sole owner of the property upon the death of Thomas.

The court below found that both Alice and Thomas knew that Thomas had another living wife and that Alice "did not live with him in good faith as his wife." However, this is not relevant to the question whether they were joint tenants. Whatever society and we may think of the illicit relationship, the law recognizes the right of the participants to hold property jointly and to give or bequeath property to each other without limitations imposed because of the relationship.

Thus we reverse the judgment below so far as it pertains to the proceeds of the real property conveyed to Thomas and Alice. Since there appears to be other property affected by the judgment, in particular a bank account owned by Thomas, as to which no error appears, we remand for further proceedings not inconsistent with this opinion.