**Edna May DANIEL, Plaintiff,**
v.
**Herbert L. WRIGHT et al., Defendants.**
Civ. A. No. 2105–71.

United States District Court,
District of Columbia,
Civil Division.

Dec. 22, 1972.

A. Philip Kane, Matthew A. Kane, Kane & Koons, Washington, D. C., for plaintiff.

Stanley J. Krieger, Milford F. Schwartz, Washington, D. C., for defendants.

## MEMORANDUM OPINION

FLANNERY, District Judge.

Plaintiff, Edna May Daniel, seeks a declaratory judgment [1] that she owns an undivided one-half interest in real property located at 615 21st Street, Northeast, Washington, D. C. [2] She is the successor in interest of Pauline E. Liner, her mother, who was a principal fig-

ure in the transactions at issue in this case. [3] Defendants are Herbert L. Wright and Mattie G. Wright, his wife, who presently occupy the house in question. They contend that plaintiff owns only a one-third interest in the property. Both parties moved for summary judgment pursuant to Fed.R.Civ.P. 56.

The following facts are undisputed. In 1939, plaintiff's parents and the defendants acquired the property as joint tenants and proceeded to occupy the premises. The 1939 deed conveyed the property to "Jefferson E. Liner and Pauline E. Liner, his wife, and Herbert L. Wright and Mattie G. Wright, his wife, . . . as joint tenants." Although it is clear that both couples contributed to the down payment and to the monthly payments on the deed of trust, there does not appear to exist any direct evidence as to the proportion paid by each couple.

In 1942, Jefferson Liner died. Then, in 1944, the Wrights separated and Herbert Wright moved away. Before his departure, however, he and the two women conveyed the property, via a straw party, to the two women as joint tenants. The relevant language of the deeds in this transaction was "Pauline E. Liner, Herbert L. Wright and Mattie G. Wright, surviving joint tenants of Jefferson E. Liner [convey to] Mattie G. Wright and Pauline E. Liner . . . as Joint Tenants." [4] In 1953, Herbert Wright returned and the two women conveyed the property, via a

---

1. *See* 28 U.S.C. §§ 2201–2202 (1970). Plaintiff's action was filed on October 19, 1971. In addition to seeking a declaratory judgment plaintiff requests this court to decree partition and sale of the real estate. This court, therefore, has jurisdiction under D.C.Code § 11–501(3)(A) (Supp. V, 1972). *See* D.C.Code § 16–2901 (1967).

2. Lot 187 in square 4516 as per plat recorded in Liber No. 109, folio 34 of the Records of the Office of the Surveyor of the District of Columbia, and the premises thereon.

3. In 1965, Pauline E. Liner married Charles A. Gooding and became Pauline

E. Gooding. In 1968, after Mr. Gooding died, Mrs. Gooding conveyed her interest in the subject real estate to a straw party who immediately conveyed said interest to Pauline E. Gooding and Edna May Daniel as joint tenants. Mrs. Gooding died in 1971. Edna May Daniel, the present plaintiff, is the surviving joint tenant of the interest held by her and her mother. She is also the sole heir at law and next of kin of her mother, and is the sole legatee and devisee under her mother's will.

4. This language is a consolidation of the language found in the deed to the straw party and in the deed to the two women.

straw party, to "Herbert L. Wright and Mattie G. Wright, his wife, and Pauline E. Liner . . . as joint tenants."

The core question in this case is whether the three grantees in the 1953 conveyance each hold a one-third interest as joint tenants,[5] or whether the husband and wife, as an entirety,[6] hold a one-half interest as the joint tenant with the other party. The husband and wife are defendants in the present action; the other party to the 1953 conveyance is plaintiff's predecessor in interest.

At common law a conveyance to husband and wife and another party presumptively granted a one-half interest to the third party and a one-half interest to the husband and wife as an entirety. 2 H. Tiffany, Real Property, § 431 at 222–23 (1939). But this axiom is only a rule of construction and the intent of the parties must be effected if it can be ascertained. *Id.*

The lead case in the District of Columbia on tenancies by the entirety is Settle v. Settle, 56 App.D.C. 50, 8 F.2d 911 (1925) (discussed below). However, *Settle* involved a conveyance to husband and wife, rather than a conveyance to husband and wife and a third party. There are two important cases from other jurisdictions which involved a conveyance to husband and wife and a third party. Kolker v. Gorn, 193 Md. 391, 67 A.2d 258 (Ct.App.1949); Mosser v. Dolsay, 132 N.J.Eq. 121, 27 A.2d 155 (Ct.Ch. 1942). These cases deserve discussion.

In Mosser v. Dolsay, *supra*, the conveyance read,

> To Ralph Mosser of New Jersey, And Frank Dolsay and Emma Dolsay, his wife as joint tenants and not as tenants in common, with the rights of survivorship incident thereto, of New Jersey, . . . .

The court noted that at common law the husband and wife would take by the entirety, and further emphasized that the word "joint tenants" appeared to modify only the Dolsays' names, and not Mosser's name. Therefore, Mosser took one-half and the Dolsays took one-half by the entirety. The court pointed out that a different result may have been reached if the phrase "joint tenants" had modified all three names, since in New Jersey a husband and wife can take a joint tenancy if the grantor clearly intended this result.

In Kolker v. Gorn, *supra*, the conveyance read, "[to] J. Gorn, S. Gorn and M. Gorn, his wife, as joint tenants, and not as tenants in common . . . ." There was testimony that all three owners contributed toward the cost of the

---

5. Joint tenancy is a type of co-ownership. The distinguishing characteristic of a joint tenancy is the right of the survivors to succeed to a deceased joint tenant's ownership. Coleman v. Jackson, 109 U.S.App.D.C. 242, 243, 286 F.2d 98, 99 (1960), cert. denied, 366 U.S. 933, 81 S.Ct. 1656, 6 L.Ed.2d 391 (1961). Four unities are required for the creation and continuance of a joint tenancy: unity of time, title, interest and possession. Milliken v. First Nat'l Bank, 290 A.2d 889, 890 (Me.1972); Alexander v. Boyer, 253 Md. 511, 518–519, 253 A.2d 359, 364 (1969). *See generally* 4 R. Powell, Real Property ¶¶ 615–19 (1970).

6. Tenancy by the entirety is an estate held by the husband and wife as a fictitious unity with right of survivorship. In re Wall, 142 U.S.App.D.C. 187, 190 & n. 14, 440 F.2d 215, 218 & n. 14 (1971); Cole-

man v. Jackson, 109 U.S.App.D.C. 242, 243, 286 F.2d 98, 99 (1960), cert. denied, 366 U.S. 933, 81 S.Ct. 1656, 6 L.Ed.2d 391 (1961). A fifth unity is required for the creation and continuance of this estate: the unity of husband and wife. In re Wall, *supra* at 190 n. 12, 440 F.2d at 218 n. 12; Coleman v. Jackson, *supra*. In the District of Columbia a conveyance to husband and wife jointly creates a tenancy by the entirety. Settle v. Settle, 56 App.D.C. 50, 8 F.2d 911 (1925). The primary distinction between a tenancy by the entirety and a joint tenancy is that a tenancy by the entirety cannot be involuntarily partitioned, whereas a joint tenancy can be involuntarily partitioned. In re Wall, *supra* at 190 & n. 14, 440 F.2d at 218 & n. 14; Coleman v. Jackson, *supra*. *See generally* 4 R. Powell, Real Property ¶¶ 620–24 (1970).

**4**

property; that the intent was to have the husband and wife, as an entirety, own one-half as joint tenants with the third party; and that the monthly mortgage payments and the maintenance costs were split equally between the husband and wife on the one hand, and the third party on the other.

The court noted that at common law a husband and wife could only hold by the entirety, but that in Maryland a husband and wife could hold as joint tenants if a clear intention to this effect appeared in the deed. This Maryland rule was recognized by the court as the minority view. Upon the face of the deed, each of the parties would own a one-third interest. *Mosser* was distinguished on the ground that in *Kolker* the phrase "joint tenants" appeared to modify all three names. However, in view of the testimony as to the parties' intent, the court held that the husband and wife owned only one-half as tenants by the entirety, and the other party owned one-half as joint tenant with the entirety.

■ Considering the deed in the present case, the 1953 conveyance reads, "to Herbert L. Wright and Mattie G. Wright, his wife, and Pauline E. Liner . . . as joint tenants." It is similar to the conveyance in *Kolker*, but different from the conveyance in *Mosser* because "as joint tenants" appears to modify all three names. If this were a New Jersey or Maryland deed, the suggestion in *Mosser* and *Kolker* that the court determine whether all three names are modified by the phrase "as joint tenants" might require the conclusion that all three parties hold equal interests

as joint tenants. However, the District of Columbia has a rule on tenancies by the entirety which is different from the rules of Maryland and New Jersey. As mentioned above, in Maryland and New Jersey a conveyance to "husband and wife as joint tenants" may create a joint tenancy rather than a tenancy by the entirety. *Kolker, supra*; *Mosser, supra*. In the District of Columbia, however, a conveyance to "husband and wife as joint tenants" creates a tenancy by the entirety. Settle v. Settle, 56 App.D.C. 50, 51, 8 F.2d 911 (1925).[7] Thus, there is no basis for holding that a grant to a husband and wife is anything but a tenancy by the entirety even though the grantor expressly conveys to them as "joint tenants."[8] The rationale of the *Kolker* and *Mosser* decisions is, therefore, inapplicable in the District of Columbia, and it must be concluded from the wording of the deed that the husband and wife acquired a one-half interest as tenants by the entirety and the other party acquired a one-half interest jointly with the entirety.

■ A consideration of the most likely intent of the parties to the transactions reinforces this conclusion. Where an instrument is ambiguous, a court may consider extrinsic evidence of the circumstances surrounding the execution of the instrument to determine the true intent of the parties. Murray v. Gadsden, 91 U.S.App.D.C. 38, 197 F.2d 194 (1952) (will); Neonex Int'l Ltd. v. Norris Grain Co., 338 F.Supp. 845 (D. N.Y.1972) (contract); National Lead Co. v. Kanawha, 288 F.Supp. 357 (D.W.Va.1968) (deed); Kolker v. Gorn,

---

7. At issue in *Settle* was a conveyance to A and his wife, B, and the survivor of them, as joint tenants. The court considered and expressly rejected the rule which allows a joint tenancy to be created in a husband and wife. 56 App.D.C. at 51, 8 F.2d at 912. The *Settle* decision remains the law in the District of Columbia. In re Wall, 142 U.S.App.D.C. 187, 189, 440 F.2d 215, 217–218 (1971); Coleman v. Jackson, 109 U.S.App.D.C. 242, 243, 286 F.2d 98, 99 (1960), cert. denied,

366 U.S. 933, 81 S.Ct. 1656, 6 L.Ed.2d 391 (1961).

8. It would be incongruous to hold that a husband and wife can take only by the entirety when the conveyance is to them alone, but that they can take as joint tenants when they are joined with a third party. And neither party has argued that the husband and wife take a two-thirds interest as tenants by the entirety.

*supra* (deed); 23 Am.Jur.2d Deeds § 159 (1965).

Defendants argue that the reference in the 1944 deed to "Pauline E. Liner, Herbert L. Wright and Mattie G. Wright, surviving joint tenants of Jefferson E. Liner" indicates an intention for each to hold a one-third interest. But this clause in the 1944 deed describes equally well an entirety holding a one-half interest jointly with another person. In any event, the parties probably accepted the language which the draftsman used in the deed without extensive consideration of the legal niceties involved.

A common sense analysis suggests that in 1939 the two families intended to own the property in two equal shares. There is no evidence to the contrary and this is the most likely interpretation of their joint purchase. It is unlikely that the parties intended for the death of one member of a family to change that family's interest in the property. Rather, the most reasonable assumption is that when Jefferson Liner died in 1942, Pauline Liner believed that she still owned her family's one-half interest in the property.

The conveyances in 1944 and 1953, reflecting the separation and reconciliation of the Wrights, transferred the property from three owners to two owners and back to three owners. Defendants' interpretation of the deeds would result in the property being divided into thirds, then halves, then thirds again. A more reasonable explanation is that when Herbert Wright left home in 1944, the parties simply wanted the deed to reflect the true occupants of the property, for example for liability purposes. When he returned, the deed was changed again to reflect the actual occupants. It is unlikely that any modification of the property interests held by the respective families was contemplated by these conveyances. Under defendants' interpretation the Wrights jointly owned a two-thirds interest before Herbert Wright's departure in 1944. There appears no reason for the Wrights to reduce their family interest from two-thirds to one-half merely because Herbert Wright departed. Such an interpretation would amount to an outright gift of a one-sixth interest to Pauline Liner. Likewise, in 1953, there appears no reason for Pauline Liner to reduce her interest from one-half to one-third in order to put Herbert Wright's name back on the deed. Thus, the only reasonable conclusion to be drawn from the 1944 and 1953 conveyances is that the parties intended a one-half interest to remain with the respective families, regardless of the manner in which the names appeared on the deed.

In view of the foregoing, the plaintiff's motion for summary judgment is granted, and the defendants' cross-motion for summary judgment is denied. Counsel will prepare an appropriate order.