## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Butler

    v.

John Ward

April 25, 1984

Case No. (Chancery) 14910

By JUDGE ALBERT H. GRENADIER

The complainant brings this action for partition, alleging that he and the defendant are co-owners of certain real estate located at 202 East Glebe Road, Alexandria, Virginia. The facts are not in dispute. By deed dated April 29, 1971, and recorded on May 16, 1971, John Ward and Gladys Wells Thompson took title to the subject property "as tenants by the entirety with the common law right of survivorship." At the time they acquired the property they were not married to each other, nor did they subsequently marry. Ms. Thompson died in 1983, leaving a will which devised her interest in the subject property to the complainant. The complainant contends that because Mr. Ward and Ms. Thompson were not married when they acquired the property they took title as tenants in common and upon the death of Ms. Thompson her undivided interest passed to him under her will. The defendant has moved for summary judgment alleging that as a matter of law the conveyance created a joint tenancy with right of survivorship and that he holds sole title to the subject property as surviving joint tenant. The issue to be resolved, therefore, is whether the conveyance

created a joint tenancy with right of survivorship or a tenancy in common.

After a full consideration of the relevant authorities it is the opinion of the Court that Mr. Ward and Ms. Thompson held title to the property as joint tenants with the right of survivorship and that upon the death of Ms. Thompson the defendant acquired sole title to the property as surviving joint tenant.

It is clear that notwithstanding the language contained in the deed Mr. Ward and Ms. Thompson could not have held the property as tenants by the entirety. A tenancy by the entirety cannot arise from even the most explicit words in a conveyance to a man and woman who are not husband and wife, even though they are described as such in the deed of conveyance and are believed by the grantor to be legally married. 41 Am. Jur. 2d, *Husband and Wife*, Section 59 (1968).

Section 55-20 of the Code of Virginia abolished survivorship between joint tenants. However, § 55-21 provides that the general rule expressed in § 55-20 does not apply when it manifestly appears from the tenor of the instrument that survivorship was intended.

The Court is unable to find any Virginia decision precisely on point. Several other states, however, have determined the issue. Courts have frequently held that where the conveying instrument contains specific language showing an attempt to create an estate with rights of survivorship a joint tenancy results. 9 A.L.R. 4th 1189, et seq.

In *Kent* v. *O'Neil*, 53 So.2d 779 (Fla. 1951), there was a conveyance "to Thomas O'Neil and Marie O'Neil, husband and wife, as an estate by the entirety with full rights of survivorship." The parties were never married. The Court held that the property vested in the "wife" upon the death of her "husband." See also *In re Estate of Rodio*, 164 N.J. Super. 555, 397 A.2d 381 (1978).

In *Young* v. *Young*, 37 Md. App. 211, 376 A.2d 1151 (1977), there was a conveyance to the grantees "as tenants by the entireties, their assigns, the survivor of them and the survivor's personal representatives and assigns." The parties were not married. The court held that in Maryland (as in Virginia) there is a statutory presumption against joint tenancy

unless the deed expressly provides for it. The test is whether there is a clear manifestation of intention to hold as joint tenants.

New York courts have applied the same test and reached the same result. In New York a disposition of property to two or more persons creates a tenancy in common unless a joint tenancy is expressly declared. In *Application of Will of Imp*, 68 Misc.2d 911, 328 N.Y.S.2d 775 (1972), the conveyance was to "Paul Imp and Celia Imp, his wife. . . as tenants by the entirety. . . that they shall hold title as tenants by the entirety, the survivor to take the whole title." Paul and Celia were never married. Twenty years later Celia died. The court held that the property passed to Paul Imp as surviving joint tenant.

In *Coleman* v. *Jackson*, 286 F.2d 98, cert. den. 366 U.S. 933, 6 L.Ed.2d 391, 81 S.Ct. 1656 (1960), Thomas H. Jackson and Alice R. Jackson lived together as husband and wife and had eleven children, but never married. Their deed read "to Thomas H. Jackson and wife, Alice R. Jackson. . . as tenants by the entirety." In the District of Columbia as in New York all estates to two or more persons creates tenancy in common unless a joint tenancy is expressly declared. The court held that a joint tenancy with survivorship was created.

There is no authority of recent vintage which holds that a tenancy in common without survivorship is created where it is apparent that the intention was to create a joint tenancy with survivorship.

For all of the reasons stated above the motion for summary judgment will be granted and the bill of complaint dismissed with prejudice.